IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gloria Robinson Johnson,<br><br>                    Plaintiff,<br><br>v.<br><br>U.S. Bank National Association; Shellpoint Mortgage Servicing,<br><br>                    Defendants. | C/A No. 5:22-cv-3507-SAL<br><br><br>**ORDER** |

    This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) ("Report"). [ECF No. 5.] In the Report, the magistrate judge recommends summarily dismissing this matter because the court lacks diversity jurisdiction, and, alternatively, because Plaintiff lacks standing. *Id.* at 3–6. Included with the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report. *Id.* at 7. On October 24, 2022, Plaintiff filed objections. [ECF No. 8.] This matter is ripe for review.

**BACKGROUND AND PROCEDURAL HISTORY**

    The Report outlines the relevant facts and standards of law. [ECF No. 5 at 1–3.] This court incorporates those facts and standards in this order. To summarize, Plaintiff alleges Defendants owe her for mortgage payments she made that were not applied to her loan. [ECF No. 1 at 4.] She alleges from January 2018 to May 2022 she paid Defendants $26,593.00, and that amount was meant to go toward her mortgage account, but it was not applied to her account. *Id.* at 4–5. Plaintiff also asks for "punitive damages in the amount of $15,000.00 for sending back [her] most recent payments that would make [her] account current." *Id.* at 5.

1

The magistrate judge recommends this court summarily dismiss this case. First, the magistrate judge concludes that Plaintiff has not properly pleaded diversity jurisdiction, so the court does not have subject matter jurisdiction. [ECF No. 5 at 3–4.] Second, the magistrate judge notes that, even if there is diversity jurisdiction, based on Plaintiff's pending bankruptcy action, she lacks standing. *Id.* at 4–6.

Plaintiff has filed objections to the Report. [ECF Nos. 8, 11, 12.]

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). Absent objections, the court need not provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

## DISCUSSION

The magistrate judge has recommended summary dismissal of this action based on a lack of diversity jurisdiction and, alternatively, because Plaintiff lacks standing. The court agrees with the magistrate judge's reasoning. For this court to have diversity jurisdiction, the matter in controversy must exceed the sum or value of $75,000, and it must be between "citizens of different states." 28 U.S.C. § 1332(a)(1). Here, Plaintiff has alleged diversity of citizenship between herself and Defendants, but the amount in controversy does not exceed $75,000.00. She asks for relief of $26,593.00,[1] plus $15,000.00 in punitive damages, which totals $41,593.00. [ECF No. 1 at 5.] Because the amount in controversy is not $75,000 or more, the court lacks jurisdiction.

In her objections, Plaintiff provides further explanation about the facts of her case. [ECF No. 8.] For the most part, her explanation appears to go to the issue of standing and her bankruptcy case. *Id.* For instance, she clarifies what actions she, as opposed to her trustee, took related to this matter. *Id.* at 3–4. None of her objections have any bearing on the lack of diversity jurisdiction. If the court lacks subject matter jurisdiction based on Plaintiff's failure to meet the elements of diversity, the court need not address standing. The court must dismiss this action. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

[1] Elsewhere in her complaint, Plaintiff asks for $30,206.49 for payments with "interest added plus other charges and attorney fees." [ECF No. 1 at 4.] Using either amount pleaded, Plaintiff has not met the $75,000 jurisdictional threshold.

## CONCLUSION

For the reasons set forth above, the Report [ECF No. 5] is adopted in its entirety and incorporated. As a result, this matter is DISMISSED without prejudice to be filed in an appropriate court.

**IT IS SO ORDERED.**

August 21, 2023
Columbia, South Carolina

Sherri A. Lydon
United States District Judge